**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IRVING BACY,

      Plaintiff,

v.                              **Case No. 8:18-cv-2870-T-17AAS**

SUMMIT RECEIVABLES, LLC,

      Defendant.
_____/

## ORDER

Irving Bacy moves for an extension of time to file a motion for default judgment. (Doc. 12). Mr. Bacy served Summit Receivables on December 13, 2018. (Doc. 6). After Summit failed to plead or otherwise defend against Mr. Bacy's complaint, Mr. Bacy moved for entry of clerk's default under Federal Rule of Civil Procedure 55(a). (Doc. 7). The Clerk then entered default under Rule 55(a). (Doc. 8). Mr. Bacy requests an additional sixty days before filing his motion for default judgment. (Doc. 12). According to Mr. Bacy, counsel must first obtain wireless-telephone records before moving for default judgment, and wireless providers usually take longer than thirty days to provide those records. (*Id.* at 2).

A court may grant an extension of time for good cause. Fed. R. Civ. P. 6(b)(1). When a party moves for an extension of time before the applicable deadline passes, the court should normally grant the extension absent bad faith or prejudice to the adverse party. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)

1

(citation omitted); *Rachel v. Trout*, 820 F.3d 390, 394 (10th Cir. 2016).

Mr. Bacy's need to obtain wireless-telephone records constitutes good cause for providing additional time to move for default judgment. Mr. Bacy's motion for extension of time (Doc. 12) is therefore **GRANTED**. Mr. Bacy must move for default judgment by **April 7, 2019**.

Mr. Bacy also requests permission to serve a third-party subpoena on Cellco Partnership (doing business as Verizon Wireless). (Doc. 13). According to Mr. Bacy, detailed phone records from Cellco are necessary to determine the "precise number of illegal robo-calls" he received from Summit. (*Id.* at 2).

Unless authorized by court order, a party may not request discovery from any source before all parties confer to develop a proposed discovery plan. *See* Fed. R. Civ. P. 26(d)(1) (outlining circumstances when parties may request discovery before conferring under Federal Rule of Civil Procedure 26(f)). An order allowing a party to subpoena telephone records from a third party is appropriate under Rule 26(d)(1) when the requesting party needs the records to determine the extent of a defendant's wrongful conduct. *See TracFone Wireless, Inc. v. Nektova Grp., LLC*, No. 19-20135-ALTONAGA/GOODMAN, ___F.R.D.___, 2019 WL 210708 (S.D. Fla. Jan. 11, 2019) (concluding party established good cause under Rule 26(d) for subpoenaing phone records from third party).

Mr. Bacy sufficiently demonstrates a need to determine exactly how many calls he received from Summit before moving for default judgment. His motion for

permission to serve a third-party subpoena (Doc. 13) is therefore **GRANTED**.

        **ORDERED** in Tampa, Florida, on February 20, 2019.

*Amanda Arnold Sansone*
_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc:      Anthony Guadagna
          1291 Galleria Drive
          Suite 170
          Henderson, NV 89014

          Summit Receivables, LLC
          c/o Corporation Service Company
          1201 Hays Street
          Tallahassee, FL
          32301-2525